## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**WESLEY DURANT,**

     **Plaintiff,**

**vs.**                              **Case No. 4:09cv25-RH/WCS**

**WALTER A. McNEIL, et al.,**

     **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed an amended civil rights complaint under 42 U.S.C. § 1983 on February 13, 2009.  Doc. 8.  The amended complaint has been reviewed as is required by 28 U.S.C. § 1915A, and is insufficient to state a claim upon which relief could be granted.

Plaintiff was previously advised that "absent certain limited exceptions, the State of Florida and its agencies are immune from suit in this court by force of the Eleventh Amendment.  <u>Carr v. City of Florence, Alabama</u>, 916 F.2d 1521, 1524 (11th Cir. 1990)."  Doc. 5.  Suits against States and state officials are not possible pursuant to 42 U.S.C. § 1983 because the state, state agencies, and state officials acting in official capacity are

not "persons" as intended by § 1983.  Will v. Michigan Department of State Police, 491

U.S. 58, 109 S. Ct. 2304, 2308-2311, 105 L.Ed.2d 45 (1989).  In the amended

complaint, Plaintiff continues to name the Florida Department of Corrections and the

Florida Parole Commission as Defendants.  That is not appropriate.  While Plaintiff may

seek prospective injunctive relief, Plaintiff may not obtain monetary judgements against

the State of Florida or any of its departments or agencies.  Id., at 68-70, 109 S.Ct. at

2311-12.  The only relief Plaintiff requests here is monetary damages.  Doc. 8.

Moreover, Plaintiff is seeking monetary damages for a period of incarceration

which, as of this date, has not been invalidated.  Doc. 8.  Plaintiff complains that he was

falsely re-arrested and falsely imprisoned when he was returned to prison between

October, 1996, and December 22, 1997.  The Parole Commission had determined that

Plaintiff violated the terms of his conditional release and returned him to prison, but

Plaintiff contends he had already fully completed his term of supervised release.  Id.

Plaintiff claims his current sentence is "still illegal because of [that] error" and Plaintiff

seeks reimbursement of the money he paid the Department of Corrections, apparently

during his supervision.  Id., at 7-8.

After review of the original complaint, and due to concerns over the timeliness of

raising a claim which is more than ten years old and likely barred by the statute of

limitations, Plaintiff was ordered to clarify his claim.  Doc. 5.  I noted in my order that

Plaintiff presented with his initial complaint a show cause order entered by a state court.

Doc. 5, citing doc. 1, p. 34.  Finding that order provided some clarification, Plaintiff was

directed to explain that proceeding in greater detail and "explain when he learned that

his incarceration was unlawful to avoid a statute of limitations bar."  Doc. 5, p. 3.

In response, Plaintiff states in the amended complaint that he just recently learned from an inmate law clerk about the possible false arrest and false detention claim. Doc. 8, p. 5. Plaintiff then initiated his state court case on or about October 3, 2008, by filing a motion to correct an illegal sentence in the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida. *Id.* Plaintiff states that the case is currently proceeding and that the state court entered an order on January 7, 2009, setting a hearing in the case for Friday, February 20, 2009.[1] *Id.*

It is now clear that Plaintiff's claims are not ripe for this § 1983 case. In <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), the United States Supreme Court held that a civil rights action under § 1983 that necessarily calls into question the validity of a conviction or sentence could not accrue until the plaintiff could demonstrate that the conviction or sentence had been reversed, expunged, or otherwise declared invalid. <u>Heck</u>, at 487, 114 S.Ct. at 2372. This has been referred to as the "favorable termination" requirement. *See* <u>Uboh v. Reno</u>, 141 F.3d 1000, 1004-06 (11th Cir. 1998). However, Plaintiff in this case cannot demonstrate the favorable termination requirement because Plaintiff is currently pursuing a challenge in state court to determine the lawfulness of his confinement. Until that case is resolved, Plaintiff's § 1983 case here is premature.

---

[1] Exhibit B to Plaintiff's amended complaint is the Order to Show Cause entered by the state court on October 27, 2008. Doc. 8, p. 48. The State responded and argued that a hearing would be required to resolve Plaintiff's claim and contended that Plaintiff's claim should proceed as a Rule 3.850 motion rather than a Rule 3.800 motion to correct illegal sentence, but that it would be untimely. Exhibit C; doc. 1, pp. 51-52. Exhibit D is the order appointing counsel for Plaintiff and setting a status conference for February 20, 2009. Doc. 8, pp. 55-56.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 8, be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) because it is barred by <u>Heck v. Humphrey</u>, and the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 3, 2009.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**